# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
# CHARLESTON DIVISION

| | |
|---|---|
| DEMAUREA DAVIS, ) | |
| ) | |
| Petitioner, ) | |
| ) | CIVIL ACTION NO. 2:23-00817 |
| v. ) | |
| ) | |
| USP BIG SANDY, ) | |
| ) | |
| Respondent. ) | |

## O R D E R

On December 28, 2023, Petitioner, acting *pro se,* filed a letter-form Petition Under 28 U.S.C. § 2241.[1] (Document No. 1.) In his letter-form Section 2241 Petition, Petitioner claims that he is being subjected to unconstitutional conditions of confinement in the Special Housing Unit at USP Big Sandy. (Id.) Petitioner states that his cell contains "human feces that's been previously placed by others" and is continuously flooded with dirty shower water from other cells. (Id.) Petitioner explains that he has to use his "clothing, pants, shirts, underwear, and sweats to try to stop the flood." (Id.) Petitioner complains that correctional officers merely "administer a blanket and call it a flood blanket." (Id.) Petitioner further asserts that he is denied cleaning supplies to clean his cell. (Id.) As a result of the foregoing conditions, Petitioner contends that he has develop a fungus on his feet. (Id.) Petitioner further indicates that he is being denied adequate medical care for the fungus. (Id.) Petitioner alleges that he has reported his "feet fungus" to medical staff "and nothing has been done." (Id.) As relief, Petitioner requests monetary damages. (Id.)

---

[1] Because Petitioner is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer and therefore, they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); Rose v. Hodges, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). A petition for a writ of habeas corpus is the mechanism by which a prisoner disputes the "fact or duration" of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 498-99, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). Generally, a motion filed under 28 U.S.C. § 2255 attacks the validity of a federal conviction or sentence.[2] See Rice Rivera, 617 F.3d 802, 807 (4th Cir. 2010); United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004)(citation omitted). A Section 2241 petition, however, is used to attack the manner in which a sentence is executed (e.g., time credit calculations). Thus, a Section 2241 petition is appropriate where the prisoner challenges the fact or length of his confinement, but generally not the conditions of that confinement. See Preiser, 411 U.S. at 499-500, 93 S.Ct. 1827; Ajaj v. Smith, 108 Fed.Appx. 743, 744 (4th Cir. 2004). "If a prisoner seeks a 'quantum change' in his level of custody such as freedom, his remedy is habeas corpus." Campbell v. Deboo, 2011 WL 1694454, * 2 (N.D.W.Va. May 4, 2011). If a prisoner, however, "seeks a different program, location, or environment, his

---

[2] In considering an inmate's application for *habeas* relief under 28 U.S.C. § 2241, the Court must consider whether the inmate is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *Rose v. Hodges*, 423 U.S. 19, 21, 96 S.Ct. 175, 177, 46 L.Ed.2d 162 (1975). The Court notes that Section 2241 is merely a general grant of *habeas corpus* authority. *See Medberry v. Crosby*, 351 F.3d 1049, 1062 (11 Cir. 2003). More specific grants of *habeas corpus* authority are found in 28 U.S.C. § 2254 (state prisoners) and 28 U.S.C. § 2255 (federal prisoners). *See Thomas v. Crosby*, 371 F.3d 782, 785 (11th Cir. 2004). Section 2255 is the exclusive remedy for testing the validity of federal judgments and sentences unless there is a showing that the remedy is inadequate or ineffective. *In Re Jones*, 226 F.3d 328, 333 (4th Cir. 2000). The remedy under Section 2241 is not an additional, alternative or supplemental remedy to that prescribed under Section 2255. Rather, Section 2241 applies to circumstances factually quite different from those properly considered under Section 2255. While the validity of Petitioner's conviction and/or sentence is in issue under Section 2255, matters pertaining to Petitioner's "commitment or detention" are properly the subject under 28 U.S.C. § 2241. *See* 28 U.S.C. § 2242. Thus, in addition to those very narrow circumstances under which Section 2255 is "inadequate and ineffective," issues arising out of the allegedly unlawful or incorrect computation of Petitioner's sentence and resulting in an unconstitutional restraint upon his liberty are properly considered under 28 U.S.C. § 2241. Allegations that a federal conviction or sentence is invalid are therefore appropriately considered under Section 2255, and allegations respecting the execution of a federal sentence are properly considered under Section 2241.

challenge is to the condition of his confinement rather than the fact of his confinement and his remedy is under civil rights law." Id.; also see Biedrzycki v. O'Brien, 2011 WL 6748505 (N.D.W.Va. Oct. 14, 2011)(dismissing petitioner's Section 2241 claim where petitioner was "merely challenging the B.O.P.'s reliance on information in his PSR that was used to determine his custody classification and security level, neither of which affect the duration of his sentence"). Where a prisoner attempts only to alter the conditions of his confinement, rather than the duration of his sentence, the appropriate vehicle is a civil rights action. Preiser, 411 U.S. at 494, 498-99, 93 S.Ct. 1827.

In the instant case, Petitioner is clearly and exclusively challenging the conditions of confinement. A Section 2241 petition is an improper avenue in which to challenge conditions of confinement under the Eighth Amendment. See Rivernider v. Joyner, 2018 WL 4560716, fn. 2 (D.S.C. Jan. 17, 2018)(dismissing petitioner's claims concerning the conditions of his confinement to the extent such claims were asserted in his Section 2241 action); Roudabush v. Warden, 2018 WL 3979858, * 1 (D.S.C. July 18, 2018)(finding a Section 2241 petition improperly raised claims of harassment, unsanitary food, and lack of mental health care); Hargrove v. Masters, 2017 WL 712758 * 2 (S.D.W.Va. Feb. 23, 2017)(J. Faber)(finding that petitioner's challenge to his conditions of confinement was properly construed as a Bivens action "because 'challenges to the conditions of [] confinement are not cognizable under § 2241, but instead must be pursued through a Bivens action…'"); Crooker v. Stewart, 2015 WL 1210209, * 3 (D.Md. March 13, 2015)(finding that alleged violations of the Eighth Amendment should be addressed by a Bivens or Section 1983 action, not in a Section 2241 petition). A Bivens action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. See Bivens v. Six Unknown Named Agents of the Federal Bureau of

Narcotics, 403 U.S. 388, 395-97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). Therefore, Plaintiff's allegations challenging the conditions of his confinement under the Eighth Amendment are properly asserted in a Bivens action.

Based upon the foregoing, it is hereby **ORDERED** that Petitioner's Section 2241 Petition be **CONSTRUED** as a civil action filed pursuant to Bivens v. Six Unknown Federal Agents of Federal Bureau of Narcotics, 403 U.S. 388, 91 S.Ct. 1999, 24 L.Ed.2d 619 (1971). The Clerk is **ORDERED** to re-docket Petitioner's Section 2241 Petition as a Complaint pursuant to the Bivens. The Clerk is further directed to mail a copy of this Order to Plaintiff, who is acting *pro se*.

ENTER: January 2, 2024.

Omar J. Aboulhosn
United States Magistrate Judge