UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
SOUTHERN DIVISION
PIKEVILLE

| | |
|---|---|
| DE'MAUREA DAVIS,<br><br>    Petitioner,<br><br>v.<br><br>USP-BIG SANDY,<br><br>    Respondent. | No. 7: 24-CV-0001-REW<br><br><br><br>MEMORANDUM OPINION<br>AND ORDER |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

De'Maurea Davis is a federal prisoner confined at the United States Penitentiary—Big Sandy in Inez, Kentucky. Davis, who is proceeding *pro se*, recently filed an amended complaint in this action. *See* DE 14 (Amended Complaint). The Court has already granted Davis's request to proceed *in forma pauperis* by separate Order. *See* DE 17 (Order).

The Court must now review the complaint and dismiss any claim that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant immune from such relief. *See* 28 U.S.C. §§ 1915(e)(2), 1915A; *Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010). At this stage, the Court accepts all non-conclusory factual allegations in the complaint as true and liberally construes all legal claims in the plaintiff's favor. *See Davis v. Prison Health Servs.*, 679 F.3d 433, 437-38 (6th Cir. 2012).

Davis's amended complaint raises numerous claims against sixteen USP-Big Sandy employees. *See generally* DE 14. The complaint describes a series of alleged events that occurred between December 24, 2023, and December 28, 2023, during which time Davis was allegedly subject to excessive force, deliberate indifference to his medical needs, violations of the Prison

1

Rape Elimination Act ("PREA"), and other various forms of staff misconduct. But while Davis's allegations are serious, they are also premature. The complaint and its attachments clearly indicate Davis has not yet fully exhausted his administrative remedies, but rather, that the administrative appeals process remains ongoing.

Under the Prison Litigation Reform Act of 1995 ("PLRA"), a prisoner wishing to challenge the circumstances or conditions of his confinement must first exhaust all available administrative remedies. *See* 42 U.S.C. § 1997e(a); *See also Jones v. Bock*, 549 U.S. 199, 211 (2007) ("There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court."). The "mandatory language [of the PLRA] means a court may not excuse a failure to exhaust." *Ross v. Blake*, 578 U.S. 632, 639 (2016). And if the failure to exhaust administrative remedies is apparent from the face of the complaint, it is subject to dismissal upon initial screening. *See Napier v. Laurel County*, 636 F.3d 218, 222 (6th Cir. 2011); *see also Bock*, 549 U.S. at 214-15 (noting a district court may dismiss a complaint *sua sponte* where it is apparent from the face of the complaint that a claim is barred by an affirmative defense).

The Federal Bureau of Prisons Inmate Grievance System lays out procedures for federal prisoners to exhaust their administrative remedies and thus satisfy the exhaustion requirement of the PLRA. First, the prisoner must seek informal resolution of any issue with facility staff and then must file a formal grievance with his Warden within twenty days of an incident. *See* 28 C.F.R. § 542.13, 542.14(a). If the prisoner is not satisfied with the Warden's response, he should then appeal to the appropriate Regional Office within twenty days. If he remains unsatisfied, he must then appeal to the General Counsel within thirty days. *See* 28 C.F.R. § 542.15(a); *see also* BOP Program Statement 1300.16.

Here, Davis has completed some but not all of these steps. Davis's amended complaint indicates that he appealed to his Regional Director in January 2024 but that he has not yet appealed to the Office of General Counsel. *See* DE 14 at 12. This is confirmed by the administrative remedy documents Davis attaches to the amended complaint. On January 5, 2024, the Mid-Atlantic Regional Office wrote to Davis and clarified for him that his appeal has been accepted by the Regional Office but remains pending. The letter specifically indicates that the deadline for the Regional Office to respond is not until February 28, 2024. *See* DE 14-2 at 1.

It is premature for Davis to proceed on his claims in federal district court before the Regional Office has been given an opportunity to resolve the claims on its own. Further, if Davis is not satisfied by the Regional Office's response once the February 28, 2024, deadline has passed, he must still appeal to the Office of General Counsel before pursuing his claims via federal civil litigation. *See* 28 C.F.R. § 542.15(a); BOP Program Statement 1300.16.

Where a plaintiff has filed a complaint prior to fully exhausting his administrative remedies, a district court may properly dismiss the complaint without prejudice to afford the plaintiff the opportunity to properly invoke and follow the prison's grievance procedures with respect to his concerns. *See Napier*, 636 F.3d at 222. Because it is plain from the face of Davis's amended complaint and its attachments that he has not fully exhausted the administrative remedies available to him via the Federal Bureau of Prisons Inmate Grievance System, his claims are premature, rendering dismissal of his complaint without prejudice appropriate.

Accordingly, it is **ORDERED** as follows:

1. The Court **DISMISSES** DE 14, Davis's Amended Complaint. The dismissal is without prejudice given the grounds cited and potential to cure the dismissal bases.

2. The Court **DIRECTS** the Clerk to strike this matter from the Court's docket.

3. The Court will enter a separate Judgment.

This the 26th day of February, 2024.

Signed By:
*Robert E. Wier* /s/ REW
United States District Judge